JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE TERESA ACOSTA ZARATE,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. et al.,<br><br>Defendants. | Case No. 2:25-cv-02801-HDV-Ex<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [12]** |

## I. INTRODUCTION

This case arises from a slip-and-fall at a Walmart in Downey, California. Plaintiff Marie Teresa Acosta Zarate brought this action in state court against Walmart Stores Inc. ("Walmart"), alleging premises liability and negligence. Walmart removed to this Court. Zarate added store manager Juan Cruz Nunez as a defendant and now moves to remand the action to state court for lack of complete diversity. Second Motion to Remand ("Motion") [Dkt. No. 12]. Walmart opposes remand, contending that Nunez is a sham defendant, added solely to destroy complete diversity.

The Motion is granted. Plaintiff alleges in the main that a California customer was injured shopping in a California store by a dangerous condition that a California manager failed to correct. Plaintiff's negligence claim against the manager is facially valid, and Walmart has failed to overcome the strong presumption in favor of remand applicable here.

## II. BACKGROUND[1]

As alleged in the First Amended Complaint, Plaintiff Zarate slipped and fell on a water puddle inside the Walmart store at 9001 Apollo Way, in Downey, California on October 4, 2023. First Amended Complaint ("FAC") ¶¶ 13–14 [Dkt. No. 7]. She sustained injuries to her head, neck, elbows, hands, back, and both knees, resulting in significant medical costs. *Id.* ¶¶ 14–15, 17, 31. She alleges that Defendants' negligence created dangerous conditions, which led to her injuries. *Id.* ¶¶ 24–30, 37–38.

Zarate brought this action in Los Angeles Superior Court, alleging premises liability and negligence. *See* Notice of Removal, Ex. A [Dkt. No. 1]. Walmart removed the action to federal court on the basis of diversity jurisdiction as Plaintiff is a California resident and Walmart is a Delaware corporation with its principal place of business in Arkansas. *Id.* at 4.

---

[1] In determining whether a non-diverse defendant is a sham defendant, the Court resolves all disputed questions of fact in the plaintiff's favor. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruse v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). As such, the Court takes Zarate's allegations as true.

On April 10, 2025, Plaintiff amended her complaint, adding Juan Cruz Nunez as a party. *See* FAC. She then moved to remand, contending that Nunez destroys diversity. Motion at 3–4. The Court heard oral argument on June 5, 2025 and took the matter under submission.

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions where there is complete diversity and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court. Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## IV. DISCUSSION

Removal is proper when a non-diverse defendant has been fraudulently joined. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "There are two ways to establish fraudulent joinder [also commonly known as a 'sham defendant']: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). A defendant must prove fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Indeed, if "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (emphasis in original) (citation omitted).

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. section 1447:

"(1) whether the new defendants should be joined under [Federal Ruel of Civil Procedure] 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."

*Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

The parties primarily dispute (1) whether Nunez is needed for just adjudication, (2) whether joinder is solely intended to defeat federal jurisdiction, and (3) whether the claims against Nunez are valid. The Court focuses its analysis on those factors.[2]

### A. Factor One: Necessary Party Under Rule 19(a)

Walmart contends that Nunez is not a necessary party because California Labor Code section 2802 requires employers to indemnify or defend their employees for actions taken within the scope of their employment. The Court disagrees.

Rule 19 requires joinder of a person whose absence would preclude complete relief among existing parties or who claims an interest in the action and whose absence will either potentially impair or impede the absent person's ability to protect their interest or leave an existing party subject to inconsistent obligations. *See* Fed. R. Civ. P. 19(a). This standard is met when failure to join would lead to separate and redundant actions. *Dirkes v. Sam's West, Inc.*, No. 2:22-CV-03466-JLS-MAR, 2022 WL 17098672, at *2 (C.D. Cal. Sept. 7, 2022). *See also IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)) ("Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action[.]").

Here, Nunez is far more than tangentially related to the cause of action. Plaintiff proffers a screenshot of Nunez' LinkedIn profile, which appears to show that he was a Store Manager at a

---

[2] On balance, the other Section 1447 factors also support remand. Although the second factor weighs against joinder as Plaintiff is not time-barred from filing a new action against Nunez, *see* Cal. Civ. Proc. Code § 335.1 (two year statute of limitations for slip-and-fall actions), the third and sixth factors support remand. Plaintiff timely amended, just ten days after removal. And Plaintiff would be prejudiced by being forced to pursue separate, duplicative actions in state and federal court.

4

1  Downey Walmart from November 2021 to present. Declaration of Tom Vertanous ("Vertanous
2  Decl.") ¶ 5, Ex. 1 [Dkt. No. 12-1]. Plaintiff alleges that, as store manager, Nunez "knew or should
3  have known of the dangerous condition" but failed to take corrective measures, causing Plaintiff's
4  injuries. FAC ¶ 26. Walmart disputes that Nunez was the manager at the time of the accident, but
5  provides only an attorney declaration in support of its position. *See* Declaration of Varun Sabharwal
6  ¶ 5 [Dkt. No. 16-1]. Indeed, Walmart refused to identify the manager. Vertanous Decl. ¶ 7. But the
7  Court can refuse too—and does so here by rejecting Walmart's deficient declaration. *See, e.g.,*
8  *Trujillo v. Target Corp.*, No. 2:17-CV-06429-VAP, 2017 WL 4864490, at *2 (C.D. Cal. Oct. 26,
9  2017) (rejecting employer defendant's argument that they had no record of an employee by the name
10 of the newly joined defendant).[3]

The more important point, however, is that the underlying claim against Nunez is facially valid. California Labor Code section 2802, which codifies the doctrine of *respondeat superior*, requires Walmart to defend and indemnify Nunez. But Section 2802 is not an immunity doctrine; Plaintiff may properly maintain an action against both Nunez and Walmart. *See Davis v. Wal-Mart Stores Inc.*, No. 2:16-CV-9480-JFW, 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017) ("Whether Wal-Mart has a duty to defend and indemnify Defendant Storey has no bearing on whether she may or may not, under settled California law, be held liable for negligent hiring, supervision, retention, and training."); *Fayek v. Costco Wholesale Corp.*, No. 8-22-CV-01621-JVS-ADSX, 2023 WL 2431999, at *3 (C.D. Cal. Mar. 9, 2023) (collecting cases) ("[That the employer may be required to indemnify the employee] does not prevent a plaintiff from naming both a corporation and its employees in a complaint."). Accordingly, the first factor weighs in favor of remand.

**B.    Factor Three: Plaintiff's Motive**

Walmart contends that Nunez was a fraudulently joined defendant added solely for the purpose of defeating diversity. Opposition to Motion 3–4 [Dkt. No. 16]. "[T]here is a presumption that a plaintiff's sole purpose is not to defeat federal jurisdiction." *Fayek*, 2023 WL 2431999, at *3

---

[3] Even if Nunez were not the store manager at the time of the incident, it would not change the Court's analysis as the true store manager would almost certainly be a citizen of California.

(C.D. Cal. Mar. 9, 2023) (citing *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  Defendant must "show fraudulent joinder by clear and convincing evidence." *Dirkes*, 2022 WL 17098672, at *4.  Here, Plaintiff diligently sought to identify the store manager, asserted valid claims against Nunez, and timely amended to add him as a defendant.  The Court cannot discern any improper motive.

### C.  Factor Five: Validity of Claims

As long as a "facially valid claim" exists, this factor weighs in favor of joinder. *Fortenberry v. Walmart Inc.*, No. EDCV 23-2601-KK-SHKX, 2024 WL 1343166, at *6 (C.D. Cal. Mar. 29, 2024) (quoting *Khachunts v. Gen. Insurnace Co. of Am.*, No. 2-22-CV-09325-SPG-KSx, 2023 WL 4554103, at *4 (C.D. Cal. July 14, 2023)).  A claim is facially valid as long as it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Id.* (quoting *Prudenciano Flores v. Nissan N. Am., Inc.*, No. CV-21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022)).  Plaintiff meets this standard.  For the reasons discussed above, Plaintiff's claims against Nunez are certainly valid on their face and therefore weigh in favor of joinder.

## V.     CONCLUSION

For the reasons discussed, Plaintiff's Motion is granted.  The case is hereby remanded to the Los Angeles Superior Court.

Dated: July 11, 2025

Hernán D. Vera
United States District Judge

6